CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
February 18, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ S. Wray
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| **AMERICAN GENERAL LIFE INSURANCE COMPANY,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | CIVIL ACTION NO. 4:25CV00010 ) ) |
| **ZHIXIONG LIAO,** | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

COMES Plaintiff AMERICAN GENERAL LIFE INSURANCE COMPANY ("American General"), through undersigned counsel, and for its complaint against Defendant ZHIXIONG LIAO ("Liao") alleges as follows:

### THE PARTIES

1. American General is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Texas. For diversity purposes, American General is a citizen of the State of Texas. At all relevant times, American General has been authorized to transact business in the Commonwealth of Virginia.

2. Liao is a citizen of and is domiciled in the Commonwealth of Virginia, presently residing at 176 Franklin Place, Danville, Virginia 24540.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between American General and Liao, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Liao resides in this judicial district, and a substantial part of the events or omissions giving rise to this action occurred within this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

5. On or around March 2, 2023, Liao applied for $500,000.00 in life insurance coverage through American General.

6. Liao's application consisted of several parts, including an Individual Life Insurance Application Single or Multiple Insured(s) – Part A ("Part A"); a Life Insurance Application Part B (Medical History) ("Part B"); and an Addendum to Application ("Addendum"), (collectively, the "Application"). In the Application, Liao answered questions and made representations regarding his medical history, social history, and tobacco history, among other things.

7. In Part A, Liao responded "no" to Question 1, which asked: "Has the Primary Proposed Insured ever used any form of tobacco or nicotine products?"

8. In Part B, Liao responded "no" to each of the following questions:

- Question 5C, which asked: "Other than previously stated, has the Proposed Insured taken any medications, had treatment or therapy or been under medical observation within the past 12 months?"

- Question 5G(1), which asked: "Other than previously stated, **in the past 5 years**, has the Proposed Insured: been hospitalized, consulted a member of the medical profession or had any illness, injury, or surgery?"

- Question 5G(2), which asked: "Other than previously stated, **in the past 5 years**, has the Proposed Insured: been advised by a member of the medical profession concerning any abnormal diagnostic test results, been advised to see a specialist, or been advised to have any diagnostic test, hospitalization, surgery, or treatment that was NOT completed (except for those tests related to the Human Immunodeficiency Virus), or does the proposed insured have any test results pending?

- Question 5K, which asked: "Within the last 5 years has the Proposed Insured been treated for or diagnosed by a member of the medical profession for any other medical, physical, or psychological condition NOT disclosed above?"

9. The Application, signed by Liao on March 2, 2023, included the following affirmation:

> I, the Primary Proposed Insured (and any Owner or Other Proposed Insured signing below) acknowledge that I have read the statements contained in this application and any attachments or they have been read to me. My answers to the questions in this application are true and complete to the best of my knowledge and belief. I understand that this application: (1) consists of Part A, Part B, and if applicable, related attachments including certain questionnaire(s), supplement(s) and addendum(s); and (2) is the basis for any policy and rider(s) issued. I understand that no information about me will be considered to have been given to the Company by me unless it is stated in the application. I agree to notify the Company of any changes in the statements or answers given in the application between the time of application and delivery of any policy. I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) such misrepresentation materially affects the acceptance of the risk; and (2) the policy is within its contestable period.

10. As a matter of law, American General was entitled to, and did, rely on the accuracy of the answers and information provided by Liao in his Application.

11. In reliance on Liao's statements, American General issued to Liao life insurance policy No. 4230138516 ("the Policy") in the amount of $500,000.00, insuring the life of Liao.

12. The Policy was approved on March 6, 2023, and was conditionally issued on March 23, 2023, with a policy effective/issue date of April 13, 2023.

13. The Policy was placed in force on April 11, 2023 following receipt of the initial premium check dated March 27, 2023 and the Policyholder Acknowledgement of Policy Delivery form signed April 3, 2023.

14. An endorsement to the Policy generated on March 29, 2023 changed the date of issue from April 13, 2023 to March 23, 2023.

15. Following the issuance of the Policy, American General received information demonstrating that several representations made by Liao in his application were inaccurate, incomplete, or untrue at the time the Policy was issued.

16. Medical records indicate that Liao was seen by medical professionals on September 23, 2022 and February 21, 2023. The records from these medical visits document Liao's history of tobacco use and indicate that Liao is an everyday smoker.

17. The medical records from the September 23, 2022 medical visit indicate that the risks of smoking cigarettes were discussed with Liao during the visit, various smoking cessations options were discussed, and it was indicated that Liao would try nicotine replacement.

18. The medical records from the February 21, 2023 medical visit indicate complaints of blood-tinged sputum, sinusitis, post-nasal drip, and congestion. The records indicate that additional testing was ordered, including a CT scan of Liao's neck.

19. Had Liao accurately reported the above medical and health history to American General in response to Question 1 of Part A, and Questions 5C, 5G(1), 5G(2), and 5K of Part B of the life insurance application as required, the Policy would not have been issued and placed in effect under the same terms, or not at all.

20. After receiving the records referenced above, American General timely contested and rescinded the Policy, promptly writing to Liao on January 9, 2024, bringing the foregoing misrepresentations, omissions, concealments, and/or incorrect statements to his attention, rescinding the Policy, and further explaining: "If there is any additional information you would like to provide or if you believe the information detailed above is incorrect in any way, please let me know. We will consider any information you provide."

21. The January 9, 2024 letter enclosed a refund check representing the full amount of the premiums received to date, $496.05, and a Voluntary Rescission Agreement. American General gave Liao until July 14, 2023 to return the executed Voluntary Rescission Agreement.

22. On February 1, 2024—having received no response to its January 9, 2024 letter—American General re-sent the letter with a new cover letter stating: "We have not received the Voluntary Rescission Agreement; therefore, we are forwarding a copy of the January 9, 2024, letter notifying you of the rescission of the above referenced policy, for your immediate attention."

23. To date, Liao has not resolved the discrepancies regarding his responses and representations in the Application or returned an executed Voluntary Rescission Agreement, causing American General to hire outside counsel and timely file this lawsuit to confirm the rescission of the Policy.

## COUNT I – DECLARATORY RELIEF
## RESCISSION

24. American General adopts, re-alleges, and incorporates herein by reference Paragraphs 1 through 23 above.

25. An actual controversy exists over whether American General is entitled to rescission of the Policy.

26. Liao made misrepresentations, omissions, concealments, and/or incorrect statements to American General in his Application as set forth above.

27. Liao's misrepresentations, omissions, concealments, and/or incorrect statements constitute "untrue" statements within the meaning of Va. Code § 38.2-309.

28. Liao's untrue statements were material to American General's determination to undertake the risk and issue the policy within the meaning of Va. Code § 38.2-309.

29. American General in good faith would either not have issued the policy, or would not have issued a policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to American General as required either by the application for the policy or otherwise.

30. As part of its rescission of the Policy, American General has already tendered to Liao the full amount of Policy premiums paid and, if necessary, stands ready to tender any Policy premiums paid by Liao into the Court's registry upon confirmation that the previous Premium refund payment has been voided.

31. American General is entitled to a declaration of rescission of the Policy.

WHEREFORE, pursuant to applicable law, American General requests that this Honorable Court:

1. Enter a judgment rescinding all coverage under the Policy on the life of Liao.

2. Award American General attorneys' fees, costs of suit, and any such other legal and equitable relief to which it may be justly entitled.

American General demands a trial by jury.

Dated: February 18, 2025                    Respectfully submitted,

*/s/ Stuart D. Roberts*
STUART D. ROBERTS (VA Bar No. 41845)
sroberts@maynardnexsen.com
CHRISTOPHER C. FROST (*pro hac vice* forthcoming)
cfrost@maynardnexsen.com
MAYNARD NEXSEN PC
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
(205) 254-1000

JAMES J. HOCKEL (*pro hac vice* forthcoming)
jhockel@maynardnexsen.com
MAYNARD NEXSEN LLP
Two Embarcadero Center, Suite 1450
San Francisco, CA 94111
(415) 646-4700

***Attorneys for Plaintiff American General Life Insurance Company***